UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  12-20304-CIV-Martinez/Garber

UNITED STATES OF AMERICA,

v.

JESUS VALDES,

    Defendant

_____/

**REPORT AND RECOMMENDATION**

    THIS CAUSE is before the Court by Order of Reference from United States District Judge Jose E. Martinez for review and consideration of the appropriateness of Defense Counsel's CJA voucher.

**FACTUAL BACKGROUND and DISCUSSION**

    The defendant Valdes was charged in an Indictment alleging claims of complex activities involving drug cartels in Mexico, and the smuggling of marijuana and cocaine from Mexico into the United States.  Such drugs were allegedly stored in various stash houses in El Paso, Texas and later transported by tractor-trailers to Miami, Florida, ultimately concealed in vehicles and transported from Miami to Texas and Juarez, Mexico.  Subsequently indictments were returned in the Western District of Texas and the Southern District of Florida.  Valdes was charged in three counts of the Indictment: Count One, conspiring to import into the United States cocaine and marijuana; Count Two, on various dates, conspiring to possess with intent to distribute cocaine and marijuana; and, Count Three, possession with intent to distribute.  Manuel Gonzalez, Jr., Esquire, a member of the

Criminal Justice Act (CJA) panel of attorneys, was appointed on or about April 20, 2013, to represent the defendant.

A substantial portion of the government's case was based upon the testimony of cooperating witnesses who would give evidence about the use of the Valdes residence as a storage place for drugs imported from Mexico, as well as the allegations regarding the defendant's transporting monies in relation to drug deals.

The defendant, according to the defendant's attorney's investigation, based upon a prior drug felony conviction, would be subject to an 851 enhancement resulting in a twenty-year mandatory minimum sentence if convicted. The Presentence Report qualified the defendant as a career criminal. Such conclusion was reached because of the defendant's prior convictions in a 1997 Miami-Dade County drug case, and a 2008 Texas case. Defense counsel, together with an investigator, obtained records in such cases which were provided to the Probation office and the United States Attorney's office.

Objections were filed to the Presentence Report which were based upon research of issues, including review of case law regarding career offenders, downward and lateral variance, Sentencing Guidelines, etc. An extensive Sentencing Memorandum was prepared and filed in which defense counsel submitted an analysis of sentences imposed on conspirators in other cases, all of which required analyses of the Indictments, plea agreements, stipulated facts, orders, and Judgments entered. Defense counsel also filed a Motion for Downward and/or Lateral Variance which discussed the career offender issue.

Defense counsel spent a substantial amount of time in preparation, review of all discovery including debriefing reports of cooperating witnesses. Defense counsel spent a large amount of time

exploring possible plea agreements and stipulated facts, as well as negotiations regarding what Count of the Indictment to which the defendant would enter a guilty plea.

Defendant, according to the Presentence Report, was facing a minimum of 242 months incarceration because of being a career offender, no minor role or safety valve reduction, and a criminal category of 6 or 3. The defendant sought a low end sentence of 51 months evolving from a Guidelines range of 51-63 months. As a result of plea negotiations the government did not seek an 851 enhancement and agreed to a reduction for being a minor participant, as well as the amount of drugs and the low end of the Guidelines. The defendant was sentenced to a term of imprisonment of 63 months. Defense counsel, because of his thoroughness in investigation and preparation, achieved a very successful result for his client.

The Court contacted the prosecutor, Assistant United States Attorney Robert J. Brady, who confirmed that defense counsel Manuel Gonzalez, Jr. spent substantial time in discussions and negotiations with him and appeared to be well prepared in this cause.

In evaluating the appropriateness of the application for fees and costs, the Court carefully reviewed Attorney Gonzalez's time sheets as to each entry. The Court finds that such entries reflect efforts spent in preparing the defense case in anticipation of a trial. With the exception of claims for travel time, the Court finds that the time spent on the designated items was reasonable and necessary and counsel should be compensated for such claims. Regarding the time claimed for travel, the Court does not take issue with the time claimed for travel. However, such time should not be paid at the same rate as legal services. Thus, the Court will reduce the claim to $62.50 per hour, for a total of $875.00 for the 14 hours expended. Such reduction reduces the total claim to $12,392.37, the amount that the undersigned finds to be appropriate to be awarded to defense counsel.

## RECOMMENDATION

For the reasons set forth above and based upon the Court's review of the record, and consideration of the submissions of the parties, the undersigned respectfully

RECOMMENDS that Manuel Gonzalez, Jr. Esquire, court appointed CJA counsel for the defendant, receive the sum of $12,392.37 as and for legal fees and services, costs, and expenses, all as set forth in counsel's submission..

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge James I. Cohn. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 16th day of October 2013.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE